IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
BRUCE P. JONES,                                  :
                                                 :
           Plaintiff,                           :
                                                 :
    - against -                                :   08cv489
                                                 :
THE PRUDENTIAL INSURANCE COMPANY                 :
OF AMERICA                                       :   **COMPLAINT**
                                                 :
           Defendant.                           :
------------------------------------------------------------

    Plaintiff, BRUCE P. JONES, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), hereby sets forth the following:

## THE PARTIES

    1.    At all times hereinafter mentioned, Plaintiff BRUCE P. JONES, was and still is a resident of the State of Ohio.

    2.    Upon information and belief, at all times hereinafter mentioned, Defendant PRUDENTIAL is a publicly owned life insurance company and a corporation organized and existing under the laws of the State of New Jersey.

## JURISDICTION AND VENUE

    3.    Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

    4.    Venue in the Southern District of New York is appropriate because Defendant resides in this judicial district, and because Defendant conducts business and is subject to personal

jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

   5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the Southern District of New York.

## FACTS

   6. At all relevant times hereinafter mentioned, Plaintiff was an employee and Partner with the Law Firm of Squire, Sanders & Dempsey L.L.P. ("SS&D").

   7. SS&D maintains office throughout the United States including New York.

   8. During Mr. Jones' employment with SS&D, Defendant PRUDENTIAL issued to SS&D a long term group disability income policy G-44134-OH (hereinafter the "Policy").

   9. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible SS&D employees in exchange for the payment of premiums by SS&D and/or the employees.

   10. At all times mentioned herein, Plaintiff was and is a Partner and employee eligible for disability benefits and an insured under the Policy issued by SS&D.

   11. Said policy issued by SS&D provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to accidental injury or sickness.

   12. On or about December 25, 2005, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible Partner and employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

   13. As of this date, Plaintiff continues to be disabled in that he is unable to

perform the material and substantial duties of his regular occupation due to his sickness or injury.

14. Plaintiff's disability is caused by, among other things, Clostridum Difficile, Crohn's Disease and related gastrointestinal complications, chronic formation of kidney stones, Proteins S. deficiency, short bowel syndrome, chronic diarrhea, bloating, cramping, weight loss, malabsorption of nutrients and liquids, anxiety and the restrictions and limitations associated with these conditions.

15. Plaintiff filed a timely claim, cooperated with Defendant PRUDENTIAL in all respects, provided proper proof of loss in support of his claim, and otherwise compiled with the policy terms and conditions regarding the filing and maintenance of a claim.

16. Pursuant to the policy, PRUDENTIAL was obligated to commence the periodic payment of monthly benefits to Plaintiff.

17. Defendant PRUDENTIAL failed to make any benefit payments to Plaintiff under the terms of the policy.

18. Despite Plaintiff's continued total disability, Defendant has denied benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

19. Said refusal on the part of Defendant PRUDENTIAL is a willful and wrongful breach of the policy terms and conditions.

20. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant PRUDENTIAL with the passage of each month.

21. Defendant PRUDENTIAL is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

22. Defendant PRUDENTIAL's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to consider the impact of his condition on his ability to perform all of the regular duties of his occupation, the failure to consider the impact of his medications and medical treatments on his ability to perform all of the regular duties of his occupation, the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of his occupation, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, and the reliance upon a selective review of medical records to reach a result oriented claim determination.

23. Defendant PRUDENTIAL's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

24. Defendant PRUDENTIAL's claim handling failed to provide Plaintiff with a full and fair review of his claim.

25. Defendant PRUDENTIAL's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant PRUDENTIAL's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

26. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

27. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

**WHEREFORE**, Plaintiff BRUCE P. JONES prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform the material and substantial duties of his occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

f) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g) Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
        January17, 2008

By:     S/Justin C. Frankel
Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 312
Garden City, New York 11530

Attorneys for Plaintiff