MORGAN, LEWIS & BOCKIUS LLP
Ryan J. Cooper (RC-0477)
101 Park Avenue
New York, NY  10178-0060
(212) 309-6000
(212) 309-6273 (fax)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRUCE P. JONES,**<br><br>　　　　**Plaintiff,**<br>v.<br><br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>　　　　**Defendant.** | Civil Action No. 08-CV-00489 |

## ANSWER

Defendant The Prudential Insurance Company of America, by and through its attorneys, hereby answers the Complaint in the above referenced matter as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.  Defendant admits that it is a New Jersey Corporation with its principal place of business in New Jersey. Defendant denies all remaining allegations contained in paragraph 2.

3.  The allegations contained in paragraph 3 constitute conclusions of law to which no responsive pleading is required.

4.  The allegations contained in paragraph 4 constitute conclusions of law to which no responsive pleading is required.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no responsive pleading is required.

6. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Admitted.

8. Defendant admits that it issued a long-term disability policy, G-44134-OH, to Squire, Sanders & Dempsey, L.L.P. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9. Defendant admits that it issued a long-term disability insurance policy to Squire, Sanders & Dempsey, L.L.P. in accordance with the terms of the Plan and Policy. Defendant denies the remaining allegations of paragraph 9.

10. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. The Plan and the Policy are written documents whose terms speak for themselves. Defendant denies the allegations of paragraph 11 to the extent those allegations do not accurately reflect the terms of the Plan or the Policy and do not contain the Plan or Policy in their entirety. Defendant denies that it insured Plaintiff against injury or sickness.

12. Denied.

13. Denied.

14. Denied.

15. Defendant admits that Plaintiff filed a claim for long-term disability benefits and supplied Defendant with certain written documents. Defendant denies all remaining allegations contained in paragraph 15.

16. Denied.

17. Defendant admits that Plaintiff is not entitled to any disability benefits and therefore it has not made any disability benefit payments to Plaintiff. Defendant denies all remaining allegations contained in paragraph 17.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant admits that Plaintiff has exhausted administrative appeals on his claim. Defendant denies all remaining allegations contained in paragraph 26.

27. Denied.

28. Defendant denies each and every other allegation not specifically admitted herein.

## **DEFENSES**

1. Any and all state law claims are preempted by ERISA because Plaintiff seeks benefits under the terms of an ERISA governed welfare plan.

2.	Defendant has discretion to interpret the Plan, make eligibility determinations under the Plan, and to make any and all factual determinations under the Plan. Defendant's determinations under the Plan are entitled to deference.

3.	There is no right to a jury trial, or compensatory or punitive damages, under ERISA.

4.	Any benefits due under the Plan are subject to offset in accordance with the terms of the Plan.

5.	Defendant is entitled to its attorney's fees under 29 U.S.C. § 1132(g).

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice, and that Defendant be awarded its costs and fees.

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant

Dated: March 25, 2008

By: __/s/ Ryan J. Cooper_____
MORGAN, LEWIS & BOCKIUS LLP
Ryan J. Cooper (RC-0477)
101 Park Avenue
New York, NY  10178-0060
(212) 309-6000
(212) 309-6273 (fax)

Attorney for Defendant Prudential Insurance Company of America

Of Counsel:

Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5258
(215) 963-5001 (fax)